17-1983-pr
*Griggs v. Lempke*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of January, two thousand twenty.

PRESENT:  JOSÉ A. CABRANES,
          GERARD E. LYNCH,
                    *Circuit Judges,*
          CHRISTINA REISS,[*]
                    *District Judge.*

---

PERRY GRIGGS,

      *Plaintiff-Appellant,*            17-1983-pr

      v.

JOHN LEMPKE,

      *Defendant-Appellee.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | MALVINA NATHANSON, New York, NY. |
| **FOR DEFENDANT-APPELLEE:** | DAVID A. HERATY (Donna A. Milling *on the brief*), Assistant District Attorneys, *for* |

---

[*] Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

John J. Flynn, District Attorney of Erie
County, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgement of the District Court be and hereby is **AFFIRMED.**

Plaintiff-Appellant Perry Griggs ("Griggs") appeals the dismissal of his petition, filed pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), for a writ of habeas corpus. Griggs is currently serving a prison sentence of fifteen years to be followed by five years of post-release supervision. He was convicted of second-degree criminal possession of a weapon in 2011, after a jury trial in Erie County Supreme Court. Two years later, his conviction was unanimously affirmed by the New York State Supreme Court, Appellate Division, Fourth Department.

He argues before us that the writ of habeas corpus should issue because of several constitutional deficiencies in his trial. *First*, he argues that his constitutional right to a fair trial was violated because of the admission of evidence of prior bad acts unrelated to the underlying charge. *Second*, he argues that his constitutional right to a fair trial was violated because of persistent prosecutorial misconduct during the prosecution's summation. *Third*, he argues that he was deprived of his constitutional privilege against self-incrimination because of the prosecution's reference to his silence during trial. *Fourth*, he argues that he was denied his constitutional right to effective assistance of counsel because his attorney repeatedly failed to object to the various instances of alleged prosecutorial misconduct during the prosecution's summation.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's denial of a petition for a writ of habeas corpus *de novo.*" *Rivas v. Fischer*, 780 F.3d 529, 546 (2d Cir. 2015). In undertaking such review, "[w]e focus on the state appellate court's decision and, for issues adjudicated on the merits in state court, we apply a 'highly deferential standard for evaluating state-court rulings.'" *Evans v. Fischer*, 712 F.3d 125, 132 (2d Cir. 2013) (quoting *Renico v. Lett*, 559 U.S. 766, 773 (2010)). Indeed, "[w]e are required to defer to a state court's adjudication of an issue on the merits, unless the state court's decision is 'contrary to, or involve[s] an unreasonable application of, clearly established Federal law . . . [or is] based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hawthorne v. Schneiderman*, 695 F.3d 192, 196 (2d Cir. 2012) (quoting 28 U.S.C. § 2254(d)). When, as for several of the claims raised here, the state court disposes of a Federal claim

in summary fashion, the Federal court "must determine what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e Supreme] Court. If such disagreement is possible, then the petitioner's claim must be denied." *Sexton v. Beaudreaux*, 138 S.Ct. 2555, 2558 (2018) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)) (internal quotation marks and citations omitted). "Whether the state court's application [of Supreme Court precedent] is 'objectively unreasonable' depends, in part, on the specificity of the clearly established rule of law. If a legal rule is very specific, then the range of reasonable applications of that rule is correspondingly narrow. By contrast, '[t]he more general the rule, the more leeway [state] courts have in reaching outcomes in case-by-case determinations.'" *Jackson v. Conway*, 763 F.3d 115, 135 (2d Cir. 2014) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)) (citations omitted; first alteration added).

### I: *Admission of Prior Bad Acts into Evidence*

First, Griggs argues that, over his counsel's objection, the trial court erroneously admitted evidence of prior bad acts that were unrelated to the underlying charge of possession of a weapon. Such evidence—which included references to acts of domestic abuse committed by Griggs and references to Griggs's possession and use of drugs—was admitted through Griggs's grand jury testimony and the testimony of Griggs's ex-girlfriend, Givonne Young ("Young"). These references to prior bad acts, Griggs argues, were irrelevant to proving the fact that Griggs possessed the weapon in question. He suggests that the state court admitted the evidence in violation of the New York rule governing evidence of prior bad acts. *See People v. Molineux*, 168 N.Y. 264 (1901).

On appeal, the Fourth Department *agreed* with Griggs, insofar as it found that some of the evidence to which Griggs objected "concerning prior drug sales and acts of domestic violence . . . was not relevant to a material issue at trial and, furthermore, [that] its probative value was outweighed by its prejudicial effect." App. 53. Yet despite that finding, the Fourth Department proceeded to determine that the error of admitting such evidence was "harmless." App. 53.

We agree with the Fourth Department that such error does not rise to the level of a Constitutional violation. As we have previously noted:

> to establish that an erroneous application of state rules of evidence violates the federal guarantee of due process, [petitioner] must . . . demonstrate that the state court's erroneous conclusions about New York evidence law were so egregious as to implicate the Fourteenth Amendment's guarantee of due process. That guarantee, in this case, is one of "fundamental fairness," a principle that the Supreme Court has "defined . . . very narrowly."

*Evans*, 712 F.3d at 133 (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)). Merely showing that the state court admitted evidence in violation of state rules of evidence is not enough, for such a

state court decision on state law, even if erroneous, is not an independent ground for the writ of habeas corpus to issue under AEDPA.

Here, the Fourth Department correctly determined that, in light of all of the evidence presented a trial, the evidence of prior bad acts was not sufficiently prejudicial to render Griggs's trial fundamentally unfair. In light of the strength of the properly admitted evidence of Griggs's guilt, the state court's conclusion that the error was harmless was not unreasonable. Accordingly, the state court reasonably applied the relevant Federal law on the erroneous admission of evidence: the error was not "so egregious as to implicate the Fourteenth Amendment" and to require that we upset Griggs's conviction.

*II: Prosecutorial Misconduct: Due Process Violations*

Second, Griggs argues that during summation the prosecutor repeatedly made improper remarks that collectively amounted to a Due Process violation, indelibly tainting his trial. Among the allegedly improper remarks were: claims that the defense counsel engaged in "spin" and, among other things, was "talk[ing] out both sides of [his] mouth;" references to the aforementioned prior bad acts of Griggs and statements portraying Griggs as an individual with criminal propensities; misstatements of police testimony, including misstatements about Griggs's placement of the weapon in question; statements designed to bolster the credibility of a police officer's testimony against Griggs; and descriptions of Young as a sympathetic "victim" meant to appeal to the jury's emotions. Griggs points to several cases from this Circuit in which we have taken issue with prosecutorial remarks like those that he describes. He suggests that such alleged misconduct, taken as a whole, rendered his trial fundamentally unfair.

The Fourth Department rejected Griggs's allegations of prosecutorial misconduct without addressing each individual claim. We therefore must affirm the denial of habeas corpus if fair-minded jurists could reach that result based on a reasonable interpretation of Supreme Court precedent. Applying this principle, we conclude that there was a reasonable basis for the Fourth Department to deny relief.

The Supreme Court has instructed that habeas relief is appropriate based on improper prosecutorial comments in summation only where the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). We have held that "[t]he habeas court must consider the record as a whole when making this determination, because even a prosecutor's inappropriate or erroneous comments or conduct may not be sufficient to undermine the fairness of the proceedings when viewed in context." *Jackson*, 763 F.3d at 146. This standard is highly general, such that a wide range of state court applications of the standard must be considered reasonable. *Id.* at 135.

There is no question that some of the prosecutor's remarks here were improper. The disparagement of the role of defense counsel was error, the statement that Griggs had hit Young with his gun had no basis in the evidence, and the statement that Griggs had "hidden" the gun misstated the testimony of the officer who found it. But not all of the statements to which Griggs objects were improper. The state court could reasonably have concluded that the prosecutor's defense of the credibility of the police officers and of Young was within proper bounds. In any event, "it is not enough that [some of] the prosecutors' remarks were undesirable or even universally condemned." *Darden*, 477 U.S. at 181 (internal quotation marks omitted). Taken in light of the strength of the case against Griggs, and viewing the improper remarks against the background of the entire summation, the defense summation to which it replied, and the evidence as a whole, we cannot find that the state court's conclusion that the summation did not deprive Griggs of a fair trial was an unreasonable application of clearly established Federal law.

*III: Prosecutorial Misconduct: Fifth Amendment Violations*

Third, Griggs argues that he was deprived of his Fifth Amendment privilege against self-incrimination when the prosecutor faulted him for failing to testify during trial. Specifically, he alleges that the prosecution made a constitutional error when it said the following during summation:

> Defendant's version of the struggle, just bizarre. Defendant's silence about the gun being fired. The defendant's silence about the gun being fired. Never addressed at all during trial. Just quietly ignored.

Tr. 664-65. Such a reference to his silence, Griggs contends, was clearly prejudicial.

The Fourth Department rejected this argument as well, also without analysis. We cannot conclude that this determination was unreasonable. "The Fifth Amendment . . . forbids . . . comment by the prosecution on the accused's silence." *Griffin v. California*, 380 U.S. 609, 615 (1965). Such comments, however, are reviewed for harmless error. *Chapman v. California*, 386 U.S. 18 (1967).

Here, although Griggs did not testify at trial, he did testify before the grand jury, and his account of the events was read into evidence at trial. Accordingly, Defendant-Appellee argues that the prosecutor's remarks, which focused on Griggs's failure to address a specific point, are best read as commenting on his omission of that arguably significant detail from the testimony that he did give, and not on his complete silence at trial. We are hard pressed to say that no fair-minded jurist could accept that interpretation. But even assuming without deciding that the prosecutor's remark was an improper reference to Griggs's silence at trial, we cannot say that no fair-minded jurist could accept the state court's implicit conclusion that this single reference, in the context of a trial in which Griggs's sworn account of events was heard by the jury, was harmless.

*IV: Ineffective Assistance of Counsel*

Finally, Griggs argues that he was deprived of his Sixth Amendment right to effective counsel because his attorney unreasonably failed to object to the instances of prosecutorial misconduct enumerated above. Such a failure to object, he contends, was ultimately prejudicial under *Strickland v. Washington*, 466 U.S. 668 (1984).

The Fourth Department summarily concluded that his counsel's assistance was not deficient. Once again, in reviewing this determination, we evaluate the reasoning that the Fourth Department hypothetically would have used to reach such a conclusion. *See Hawthorne*, 695 F.3d at 196.

In doing so, we determine that Griggs's counsel was not defective merely because he failed to object during the prosecution's summation. The relevant Federal law is provided by *Strickland*, which stipulates that "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691. A judgment may only be set aside if the defendant can "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Here, Griggs has not made such a showing. Even assuming arguendo that defense counsel's failure to object to at least some of the prosecutor's remarks was professionally unreasonable, the Fourth Department could reasonably have concluded that there was no reasonable probability that an objection to the prosecutor's remarks, which we have concluded above could reasonably be seen as harmless, would have produced a different result.

## CONCLUSION

We have reviewed all of the arguments raised by Griggs on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the June 2, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk